UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

JAMES H. JACKSON,

               Plaintiff,

               v.

H/O MS. DANIELLE HUNTER, et al.,

               Defendants.

Case No. 3:18-cv-16446 (BRM)

**OPINION**

Before this Court is *pro se* prisoner James H. Jackson's ("Plaintiff") Complaint, filed pursuant to 42 U.S.C. § 1983. (ECF No. 1.) Based on his affidavit of indigence (ECF No. 3), the Court grants him leave to proceed *in forma pauperis* and orders the Clerk of the Court to file the Complaint.

At this time, the Court must review the Complaint, pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A, to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the reasons set forth below, the Court concludes the Complaint should be dismissed.

## I. BACKGROUND

On April 10, 2017, Plaintiff appeared before Hearing Officer Hunter to face a charge of .803/.306 – attempting conduct which disrupts or interferes with the security or orderly running of the correctional facility.[1] (Compl. ¶ 6.) Plaintiff was represented by counsel substitute, *i.e.* a law

---

[1] The factual allegations are taken from the Complaint, and are accepted for purposes of this screening only. The Court has made no findings as to the veracity of Plaintiff's allegations.

library paralegal. (*Id.*) After a brief argument by Plaintiff and his counsel substitute, the hearing

was postponed so the Hearing Officer could review the evidence and render a decision. (*Id.*) On

April 11, 2017, the Hearing Officer modified the .803/.306 infraction to a .754 infraction – giving

money or anything of value to; or accepting money or anything of value from, a member of another

inmate's family or another inmate's friend with an intent to circumvent any correctional facility or

departmental rule, regulation or policy or with an intent to further an illegal or improper purpose.

(*Id.*) Despite Plaintiff strongly denying any involvement in this infraction "within the walls of New

Jersey State Prison," the hearing officer imposed the following sanctions: "90 days of Ad-seg; 60

days of L.O.C.T.; and 30 days of L.O.R.P." (*Id.*) Plaintiff appealed the sanctions to the

Administrator of the prison, who upheld the decision on April 20, 2017. (*Id.*)

Plaintiff is seeking to have the "process of any investigation from S.I.D. or the

administration to progress to the fullest extent necessary. So that prisoners constitutional rights are

not violated under the 10A Rules and have a fair and impartial hearing where guilt or innocence is

presented." (Compl. ¶ 7.) He is also seeking monetary damages. (*Id.*)

## II. LEGAL STANDARD

### A. Standard for a Sua Sponte Dismissal

Per the Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66

to 1321-77 (April 26, 1996) ("PLRA"), district courts must review complaints in those civil actions

in which a prisoner is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B), seeks redress

against a governmental employee or entity, *see* 28 U.S.C. § 1915A(b), or brings a claim with

respect to prison conditions, *see* 42 U.S.C. § 1997e. The PLRA directs district courts to sua sponte

dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be

granted, or seeks monetary relief from a defendant who is immune from such relief. This action is

subject to sua sponte screening for dismissal under 28 U.S.C. § 1915(e)(2)(B) and 1915A because Plaintiff is a prisoner who is proceeding as indigent.

According to the Supreme Court's decision in *Ashcroft v. Iqbal*, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To survive sua sponte screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Belmont v. MB Inv. Partners, Inc.*, 708 F.3d 470, 483 n.17 (3d Cir. 2012) (quoting *Iqbal*, 556 U.S. at 678). Moreover, while pro se pleadings are liberally construed, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

**B. Section 1983 Actions**

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

Therefore, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, the alleged

deprivation was committed or caused by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).

**III. DECISION**

As stated above, Plaintiff seeks to bring a claim challenging his prison disciplinary hearing. However, Plaintiff has failed to plead facts which show he was entitled to the protections of the due process clause during the hearing.

Prisoners typically have a protected liberty interest only in "freedom from restraint" that "imposes atypical and significant hardship ... in relation to the ordinary incidents of prison life." *See Sandin v. Conner*, 515 U.S. 472, 484 (1995). As such, placement in "administrative segregation only implicates a protectable liberty interest [sufficient to trigger due process protections] if it dramatically departs, in length of time or otherwise, from basic prison conditions." *Crawford v. Lappin*, 446 F. Appx 413, 415 (3d Cir. 2011) (citing *Mitchell v. Horn*, 318 F.3d 523, 532 (3d Cir. 2003)); *Allah v. Seiverling*, 229 F.3d 220, 224 (3d Cir. 2000) ("[P]lacement in administrative confinement will generally not create a liberty interest."); *Smith v. Mensinger*, 293 F.3d 641, 653 (3d Cir. 2002) (quoting *Sandin*, 515 U.S. at 486 ) ("[E]ven confinement in 'administrative or punitive segregation will rarely be sufficient, without more, to establish the kind of 'atypical' deprivation of prison life necessary to implicate a liberty interest'").

Most cases considered by the Third Circuit deal with the length of time spent in segregation. The Third Circuit has held administrative segregation in the S.C.I. Graterford Restricted Housing Unit for periods as long as fifteen months does not create an atypical and significant hardship and, thus, does not deprive an inmate of a liberty interest. *See Griffin v. Vaughn*, 112 F.3d 703, 708 (3d Cir. 1997); *see also Smith*, 293 F.3d at 654 (seven months in disciplinary confinement did not implicate a liberty interest); *Torres v. Fauver*, 292 F.3d 141, 151–

52 (3d Cir. 2002) (disciplinary detention for fifteen days and administrative segregation for 120 days did not implicate a protected liberty interest); *Jenkins v. Hayman*, No. 09-4989, 2010 WL 1838399, at *10 (D.N.J. May 6, 2010) (same); *cf. Shoats v. Horn*, 213 F.3d 140, 144 (3d Cir. 2000) (holding eight years in administrative custody is atypical and implicates a protected liberty interest); *Allah v. Bartkowski*, 574 F. App'x 135, 139 (3d Cir. 2014) (vacating dismissal of due process claim where inmate held in administrative segregation for six years).

Here, even if the Court assumes Plaintiff's disciplinary hearing was somehow improper, Plaintiff falls well short of stating a valid procedural due process claim under § 1983. His ninety days in segregated housing does not "dramatically depart" in length of time or otherwise, from basic prison conditions.[2]  As such, he had no protected liberty interest and was not entitled to due process. The Court dismisses this claim without prejudice.

### IV. CONCLUSION

For the reasons stated above, the Complaint will be dismissed without prejudice in its entirety pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A for failure to state a claim upon which relief may be granted. Because it is conceivable Plaintiff may be able to supplement his pleading with facts sufficient to overcome the deficiencies noted herein, the Court will grant Plaintiff leave to move to re-open this case and to file an amended complaint. An appropriate order follows.

Dated: April 9, 2021

                                              */s/ Brian R. Martinotti*
                                              **HON. BRIAN R. MARTINOTTI**
                                              **UNITED STATES DISTRICT JUDGE**

---

[2] The Court is aware the hearing officer also sanctioned Plaintiff with "60 days of L.O.C.T.; and 30 days of L.O.R.P." However, he does not define these abbreviations. Consequently, without further information, the Court is unable to determine whether Plaintiff has a protected liberty interest in them, which would trigger due process protections.